UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2003 OCT 27 P 12: 55

IN RE:  
HARRY S. EBERHART.  
    Debtor

CASE NO. 95-31694  
CHAPTER 7

---

HARRY EBERHART,  
    Plaintiff-Appellant,

v.                              3:02-CV-1848 (WWE)

FIRST AMERICAN TITLE INSURANCE  
COMPANY,  
    Defendant-Appellee.

## RULING ON APPEAL FROM UNITED STATES BANKRUPTCY COURT

This is an appeal from the Findings of Fact and Conclusions of Law on the Complaint to Determine Dischargeability of Debt of the United States Bankruptcy Court, Honorable Albert S. Dabrowski, United States Bankruptcy Judge.

In its ruling, the Bankruptcy Court held that plaintiff-appellant Eberhart's debt to First American is nondischargeable pursuant to 11 U.S.C. Section 523(a)(4), based on a finding that he committed defalcation when he failed to disburse certain loan proceeds as directed by First American. Eberhart now challenges the Bankruptcy Court's preclusion of certain exhibits, its finding that he was acting in a fiduciary capacity with First American, its

determination that an express trust was created between Eberhart and First American, its finding that Eberhart was guilty of defalcation, and its application of the correct standards and law to the case.

The district court is required to accept the Bankruptcy Court's findings of fact unless they are clearly erroneous. See Bankruptcy Rule 8013. In contrast to questions of fact governed by the clearly erroneous standard, a de novo standard of review applies to questions of law. In re Maxwell Newspapers, Inc., 981 F. 2d 85, 89 (2d Cir. 1992). Where mixed questions of fact and law are challenged, the district court reviews the legal conclusions de novo, and the factual determinations are reviewed for clear error. In re United States Lines, Inc., 197 F. 3d 631, 640-41 (2d Cir. 1999). Thus, while the reviewing court is obliged to accept the Bankruptcy Court's undisturbed findings of fact unless they are clearly erroneous, it is not required to accept its conclusions as to the legal effect of those findings. Brunner v. New York State Higher Education Services Corp., 831 F. 2d 395, 396 (2d Cir. 1987).

Here, Eberhart is challenging the Bankruptcy Court's findings of fact and its conclusions of law. Accordingly, the Court applies both standards in its review of this appeal. Upon review, this Court holds that the Bankruptcy Court committed no error in its findings of fact, that it appropriately applied the law in making its conclusions of

law, and that it did not abuse its discretion in admitting evidence at trial. Accordingly, the Bankruptcy Court committed no error of fact or law and its ruling is hereby AFFIRMED.

The clerk is instructed to enter judgment in favor of the defendant-appellee on this bankruptcy appeal, and to close this case.

WARREN W. EGINTON, SENIOR
UNITED STATES DISTRICT JUDGE

Dated at Bridgeport, Connecticut this 25th day of October, 2003.