MANDATE

Dist. of Conn/ Bridgeport
02-cv-1848
Eginton

FILED

2005 MAR 28 A 8: 34

U.S. DISTRICT COURT
BRIDGEPORT, CONN

*In re Eberhart*, 03-5073
Page 1

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 17 day of Feb., two thousand and five.

PRESENT:
HON. JOHN M. WALKER, JR., *Chief Judge*,
HON. CHESTER J. STRAUB, *Circuit Judge*,
HON. JED S. RAKOFF, *District Judge.*[*]

---

In re HARRY S. EBERHART,
    *Debtor*,

---

HARRY S. EBERHART,
    *Debtor-Appellant*,

    v.

US TRUSTEE,
    *Trustee-Appellee*,

FIRST AMERICAN TITLE INSURANCE CO.,
    *Creditor-Appellee*.

**SUMMARY ORDER**
No. 03-5073

(Stamp: UNITED STATES COURT OF APPEALS FILED FEB 17 2005 Roseann B. MacKechnie, CLERK SECOND CIRCUIT)

---

| | |
|---|---|
| Counsel for Appellant: | HARRY S. EBERHART, *pro se*, Meriden, CT, *for Debtor-Appellant*. |
| Counsel for Appellees: | JULIE A. MANNING, Shipman & Goodwin, LLP, Hartford, CT, *for Creditor-Appellee*. |

---

[*] The Hon. Jed S. Rakoff, Judge, United States District Court for the Southern District of New York, sitting by designation.

ISSUED AS MANDATE MAR 21 2005

*In re Eberhart*, 03-5073
Page 2

On appeal from the United States District Court for the District of Connecticut (Warren W. Eginton, *Judge*).

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

---

Eberhart appeals from the unreported November 3, 2003, judgment of the Connecticut District Court (Warren W. Eginton, *Judge*) affirming the September 13, 2002, judgment of the United States Bankruptcy Court for the District of Connecticut (Albert S. Dabrowski, *Chief Bankruptcy Judge*). The Bankruptcy Court's opinion, reported at *In re Eberhart*, 283 B.R. 97 (Bankr. D. Conn. 2002), held that certain debts owed by Eberhart to First American Title Insurance Company ("First American") as successor to the interests of Mortgage Investment Associates ("MIA") were non-dischargeable under 11 U.S.C. § 523(a)(4). Those debts arose from a real estate refinancing transaction, brokered by Eberhart for the benefit of MIA and non-parties Judy and Joseph Zangari, relating to property owned by the Zangaris and located in Florida. The circumstances of that transaction are described in the Bankruptcy Court's decision. *See Eberhart*, 283 B.R. at 98-100. Here we recite only those facts necessary to explain the basis of our agreement with the courts below.

After approving the Zangaris' refinancing loan, MIA disbursed funds to Eberhart with the expressed purpose that Eberhart would use those funds to benefit MIA by settling all existing mortgages on the Zangaris' property in order to put MIA in the position of first mortgage holder. We agree with the Bankruptcy Court that, in so doing, MIA created an express trust in Eberhart; and that Eberhart, by accepting the funds under those expressed terms, assumed the normal

*In re Eberhart*, 03-5073
Page 3

fiduciary responsibilities owed by a trustee to trust beneficiaries under federal and Connecticut law. We further agree with the Bankruptcy Court's finding that, by failing to execute his fiduciary duties to MIA, Eberhart committed a defalcation. As we agree with these conclusions, we also agree that the debt owed by Eberhart to MIA was not dischargeable "for fraud or defalcation while acting in a fiduciary capacity." 11 U.S.C. § 523(a)(4).

We have considered Eberhart's remaining arguments on this appeal and find that each of them is without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

For the Court:
Roseann B. MacKechnie, Clerk of Court

By *Lucille Carr*   Date 2/17/05

A TRUE COPY
Roseann B. MacKechnie, CLERK

by _____
DEPUTY CLERK